T.C. Summary Opinion 2008-73

UNITED STATES TAX COURT

JOSEPH D. AND REBECCA K. LEASE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11491-07S.              Filed June 24, 2008.

Joseph D. and Rebecca K. Lease, pro sese.

Lisa K. Hunter, for respondent.


VASQUEZ, Judge:  This case was heard pursuant to the
provisions of section 7463[1] of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,
and this opinion shall not be treated as precedent for any other

_____

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue.

case.   Respondent determined a deficiency of $3,303 for 2005.
After concessions, the issues for decision are:  (1) Whether
petitioners are entitled to a dependency exemption deduction for
NL[2] as claimed on their 2005 income tax return, and (2) whether
petitioners are entitled to the child tax credit for NL as
claimed on their 2005 income tax return.

## Background

Some of the facts have been stipulated and are so found.
The stipulation of facts and the attached exhibits are
incorporated herein by this reference.  Petitioners resided in
Iowa when they filed their petition.

On March 13, 1995, Joseph D. Lease (petitioner) and Mary E.
Lease (Ms. Lease) divorced.  Petitioner and Ms. Lease had one
child, NL.  The Iowa District Court for Polk County, Iowa,
granted the decree of dissolution of marriage (divorce decree)
awarding custody of NL to Ms. Lease.  The divorce decree further
specified that petitioner could claim the dependency exemption
deduction for NL for odd numbered years if he was current on
child support payments.  Furthermore, the divorce decree required
Ms. Lease to execute and deliver an Internal Revenue Service
(IRS) Form 8332, Release of Claim to Exemption for Child of
Divorced or Separated Parents, to petitioner by January 31 of

---

[2]  It is the Court's policy to use initials when referring
to minors.

each year after the year for which he was entitled to claim the dependency exemption deduction. The presiding judge and the attorneys of record for both Ms. Lease and petitioner signed the divorce decree. Neither Ms. Lease nor petitioner personally signed the divorce decree.

After the divorce, Ms. Lease never delivered a signed Form 8332 to petitioner. Petitioner claimed the dependency exemption deduction for NL for 1995, 1997, and 1999. In 2006 petitioners filed a Form 1040, U.S. Individual Income Tax Return, for 2005. Petitioners claimed a dependency exemption deduction and a child tax credit for NL on their 2005 tax return without attaching a signed Form 8332. Petitioners attached a copy of the divorce decree to their 2005 tax return in lieu of the Form 8332.

Respondent issued a notice of deficiency to petitioners for 2005 denying the claimed dependency exemption deduction and child tax credit.

## Discussion

### I. Dependency Exemption

Section 151 allows taxpayers to claim exemption deductions for their dependents. Section 152(a) defines "dependent" as either a qualifying child or a qualifying relative. Where the parents of a dependent child are divorced or legally separated, section 152(e)(1) generally confers the dependency exemption deduction on the parent with custody of the child for the greater

portion of the calendar year (the custodial parent).  Sec. 152(e)(4)(A).

Section 152(e)(1) provides that a noncustodial parent is entitled to the dependency exemption deduction if the requirements of section 152(e)(2) are met.  Section 152(e)(2) allows a custodial parent to relinquish his or her right to claim the dependency exemption deduction.  A noncustodial parent may claim the dependency exemption deduction if the custodial parent executes a written declaration releasing his or her claim to the dependency exemption deduction and the noncustodial parent attaches the declaration to his or her tax return.  Sec. 152(e)(2).

The IRS issued Form 8332 in order to standardize the written declaration required by section 152(e).  See, e.g., Chamberlain v. Commissioner, T.C. Memo. 2007-178.  Form 8332 requires a taxpayer to furnish:  (1) The name of the child; (2) the name and Social Security number of the noncustodial parent claiming the dependency exemption deduction; (3) the Social Security number of the custodial parent; (4) the signature of the custodial parent; (5) the date of the custodial parent's signature; and (6) the year(s) for which the claims were released.  See Miller v. Commissioner, 114 T.C. 184, 190 (2000).  Although taxpayers are not required to use Form 8332, any other written declaration executed by the custodial parent must conform to the substance of

Form 8332. See id. at 188-189. In particular, the document must satisfy the signature requirement of section 152(e)(2)(A). Id. at 191. Section 152(e) allows a noncustodial parent to claim the dependency exemption deduction only when that parent attaches a valid Form 8332 or its equivalent to a Federal income tax return for the taxable year for which he or she claims the dependency exemption deduction. See Paulson v. Commissioner, T.C. Memo. 1996-560.

Petitioners concede that they did not attach Form 8332 to their 2005 tax return. Petitioners attached the divorce decree to the 2005 tax return in lieu of Form 8332.

This case is similar to Miller v. Commissioner, supra. The taxpayer in Miller attached a divorce decree in lieu of the Form 8332. The parties' attorneys and the presiding judge had signed the divorce decree. In Miller the Court found that Congress intended the signature requirement of section 152(e)(2) to be strictly applied because it did not want Federal courts involved in State court custody fights. The Court further held in Miller that the signature of neither an attorney nor a judge was sufficient to satisfy the signature requirement for the parent relinquishing the dependency exemption deduction.

Ms. Lease did not sign the divorce decree and thus it did not meet the signature requirement of section 152(e)(2)(A). Therefore, petitioners did not file a substantial equivalent to

Form 8332 with their 2005 tax return and are not entitled to claim the dependency exemption deduction for 2005.

II.  <u>Child Tax Credit</u>

Section 24 provides a credit against income tax for each qualifying child of a taxpayer.  The term "qualifying child" means a qualifying child of the taxpayer as defined in section 152(c) who has not attained the age of 17.  Sec. 24(c)(1). Therefore, if a child is treated as the qualifying child of the taxpayer pursuant to section 152(e)(1), the taxpayer is eligible to claim the section 24 child tax credit.

As previously discussed, petitioners have failed to meet the requirements of section 152(e)(2).  Accordingly, they cannot claim the child tax credit.

In reaching all of our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we conclude they are irrelevant or without merit.

To reflect the following,

<u>Decision will be entered under Rule 155</u>.